In re MACARE ENTERPRISES, INC., dba Macare Enterprises, Debtor.

Verlin D. BARTH, Plaintiff,

v.

MACARE ENTERPRISES, INC., and Commercial Bank and Savings Company, Defendants.

Bankruptcy No. 80–0048.

United States Bankruptcy Court, N. D. Ohio, W. D.

May 9, 1980.

Jack H. Palmer, Shaw, Clemens, Williams, Nicol & Korhn, Defiance, Ohio, for plaintiff.

William Scott O'Brien, O'Brien & Bauer Co., L. P. A., Findlay, Ohio, for defendant-debtor.

Kenneth L. Lather, Findlay, Ohio, for defendant Commercial Bank.

## JUDGMENT ENTRY

RICHARD L. SPEER, Bankruptcy Judge.

This cause came on for trial on Complaint of Verlin D. Barth For Relief From Stay Of Execution. Present at the trial were Attorneys Jack H. Palmer, Erwin Clemens, William Scott O'Brien, and Kenneth L. Lather.

After testimony and exhibits were introduced, the Court makes the following findings of fact:

1. Plaintiff, Verlin D. Barth, is a Guarantor of certain obligations of Macare to Commercial Bank and Savings Company, Fostoria, Ohio, upon which is owed approximately Two Hundred Fifteen Thousand Dollars ($215,000.00). The Bank has begun foreclosure action upon Mr. Barth's real estate to satisfy this obligation which has not been paid since September 1, 1979.

2. Mr. Barth is the alleged owner of the Coreco furnace used to melt materials for the extraction of aluminum. The Debtor-in-Possession alleges that Mr. Barth is only the security interest owner. Regardless of his interests in the furnace, Mr. Barth has obtained a loan on this furnace from the Commercial Bank and Savings Company.

3. The amount due the Commercial Bank on the loan for the furnace is approximately Eighty-Five Thousand Dollars ($85,000.00).

4. The total due the Commercial Bank for which Mr. Barth is either initially or ultimately responsible approximates Three Hundred Thousand Dollars ($300,-000.00).

5. Testimony from the Bank officers, while not experts, was not controverted, indicated that the land, building, and the furnace approximated between One Hundred to One Hundred Ten Thousand Dol-

lars in value. Plaintiff maintains that Mr. Barth is not being adequately protected by the continuance of the stay in this case, as Mr. Barth is having other of his property foreclosed upon to satisfy the requirement of the Bank for payment in full. While the Debtor-in-Possession has offered a payment schedule until confirmation of the plan, Mr. Barth and the Commercial Bank have refused to accept this schedule in light of the Bank's demand for full payment immediately.

The legislative history of Section 361 of the Bankruptcy Code indicates "The interests of which the court may provide protection in the ways described in this section include equitable as well as legal interests."

While it would appear upon its face that the payments offered by the Debtor-in-Possession exceed the monthly payments required on all the mortgages involving Macare, the Court feels that equitable interpretation of adequate protection would require that a creditor of the debtor-in-possession be not placed in a position whereby other property held by the creditor would be levied upon to satisfy a creditor's guarantee of payment by the debtor-in-possession. The Bankruptcy Code does not require that a creditor take such payments that will ultimately result in a loss of other assets due to its having guaranteed a loan of a debtor-in-possession.

Accordingly, the Court finds that the value of the property is greatly inadequate to satisfy the obligations of creditors, Barth and the Commercial Bank, and that as such, to continue the stay against Mr. Barth would be a denial of adequate protection of his interests.

Therefore it is ORDERED, ADJUDGED and DECREED that the Complaint of the Plaintiff be, and it hereby is, granted and that the stay be lifted as to the Coreco furnace.